1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  KATHRYN R. HAUN (DCBN 484131)
   Assistant United States Attorney
5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
6  Telephone: (415) 436-6740
   Kathryn.Haun@usdoj.gov
7
   Attorneys for the United States of America
8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA,       )   No. CR 10-0111-JSW
                                    )
14       Plaintiff,                 )
                                    )   ~~PROPOSED~~ ORDER OF DETENTION
15    v.                            )   OF DAVID HAMMOND
                                    )
16  DAVID HAMMOND,                  )
                                    )
17       Defendant.                 )
                                    )
18

19       The defendant came before this Court on September 9, 2010, for an initial appearance on

20  an Amended Form 12 and the matter of detention was also heard.   Assistant United States

21  Attorney Kathryn R. Haun represented the United States.  The defendant was present and

22  represented by Assistant Federal Public Defender Elizabeth Falk.

23       The United States requested detention, submitting that the defendant had not met his

24  burden that no condition or combination of conditions would reasonably assure the safety of the

25  community.

26       Upon consideration of the proffers of the parties, and the court file, including its

27  recollection of the case against the defendant and his history, the Court finds that the defendant

28  has not met its burden of demonstrating that no condition or combination of conditions will

CR 10-0111-JSW
~~Proposed~~ Detention Order

reasonably assure the safety of the community.  The Court therefore orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(I).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

First, the Court has serious questions about the defendant's judgment, and that judgment bears on whether the defendant is a danger.  Second, the Court takes note that the defendant was arrested for possessing an assault weapon on his person earlier this year, i.e. in 2010.  Even though the Court suppressed that firearm, the defendant is not on a "clean slate" in that the defendant also pleaded guilty to misprison of a felony (arising from the separately-charged August 2009 arrest of the defendant for drug trafficking).  Third, the Court takes note of the defendant's criminal history, which includes prior felony convictions.

These factors, among others adduced at the hearing, support the Court's conclusion that the defendant has not demonstrated that there exists a condition or combination of conditions that would reasonably assure the safety of the community.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in

CR 10-0111-JSW
~~Proposed~~ Detention Order

a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This order is made without prejudice to the defendant's making a further showing regarding detention in the future, should new information become available.

Dated:  September 13, 2010

_____
The Honorable Jeffrey S. White
United States District Court

CR 10-0111-JSW
~~Propose~~d Detention Order